CLD-120                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1609
_____

IN RE: DEBRA ABEYTA,
                                                      Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.C. Civil No. 1:24-cv-01267)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 9, 2024
Before:  KRAUSE, FREEMAN, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: May 24, 2024)
_____

OPINION*
_____

**PER CURIAM**

Debra Abeyta, proceeding pro se, has filed a petition for a writ of mandamus

concerning a civil case filed in the United States District Court for the District of New

Jersey.  For the reasons set forth below, we will dismiss it in part as moot and deny it in

part.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In February 2024, a civil action was opened in the District Court for the District of New Jersey, see D.N.J. Civ. No. 1:24-cv-01267, with Abeyta as the complainant. On March 7, 2024, the District Court dismissed Defendant Judge Quraishi as a party to the case. On April 5, 2024, the complaint was deemed withdrawn for failure to pay the filing fee or submit an application to proceed in forma pauperis.

On April 15, 2024, Abeyta filed the instant petition for a writ of mandamus. It is difficult to decipher the exact nature of Abeyta's claims, but they appear to involve two civil actions in the District of New Jersey. See D.N.J. Civ. No. 1:24-cv-01267 & D.N.J. Civ. No. 3:23-cv-03012. Abeyta appears to complain that her related district court case, D.N.J. Civ. No. 1:24-cv-01267, is a "fraudulent case," violating various of her constitutional protections. Abeyta blames both District Judge Robert B. Kugler and Chief District Judge Renee M. Bumb for initiating the fraudulent action without proper authority. In addition, Abeyta accuses Judge Kugler and Chief Judge Bumb of "bias, prejudice, [and] impropriety" stemming from their involvement with the district court actions. As a result of her complaints, Abeyta seeks (1) the termination of her district court case, D.N.J. Civ. No. 1:24-cv-01267; and (2) the disqualification of Judge Kugler and Chief Judge Bumb.

Mandamus is a drastic remedy available only in extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A mandamus petitioner must establish that she has "no other adequate means" to obtain the requested relief, and that she has a "clear and indisputable" right to issuance of the writ. Madden v.

2

Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c).  Abeyta has not made this showing.

To the extent that Abeyta requests that the "fraudulent" district court case be terminated, this portion of the mandamus petition will be dismissed as moot, since the civil case was terminated as of April 5, 2024.[1]  See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir. 1996) (noting that "[i]f developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot").

Regarding Abeyta's allegations as to the bias and prejudice of Judge Kugler and Chief Judge Bumb, her claims do not require the Judges' disqualification.  Mandamus may be used to compel compliance with section 455(a) of Title 28, which provides that: "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Section 455(b)(1) provides that a judge shall also disqualify himself where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]"  28 U.S.C. § 455(b)(1).  Abeyta has failed to set forth any evidence of bias or prejudice here.  Her disagreement with the Judges'

---

[1] In February 2024, Abeyta filed a document titled, "Motion for Evidence Inclusion for Lawsuit Against Zahid N. Quraishi, Alan Cosner, Rebecca Hand, and Memorandum of Law Affidavit of Debra Abeyta," in the District of New Jersey.  It appears that the motion was filed in her civil case, D.N.J. Civ. No. 3:23-cv-03012 (Dkt No. 34), as she intended, but it was also construed as a civil complaint, which opened a new case, D.N.J. Civ. No. 1:24-cv-01267 (Dkt No. 1).  As noted above, the new case has since been terminated.

decisions in both district court cases and her speculation that the Judges harbor bias against her are not sufficient bases for mandamus relief.  See United States v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989) (stating that recusal is not required when based on mere "possibilities" and "unsubstantiated allegations").  Moreover, to the extent that Abeyta points to the apparent error in opening a new case in district court as evidence of bias or prejudice, she has provided no reason to doubt that this was, at best, an inadvertent docketing error that does not set forth any reasonable basis to question the Judges' impartiality or otherwise demonstrate bias.

Accordingly, the petition for writ of mandamus will be dismissed in part as moot and denied in part.